**SO ORDERED: August 28, 2008.**

**Anthony J. Metz III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE:                          )
                                )
JOHNNY RICHARD SMITH            )          CASE NO. 08-1664-AJM-7A
CHERYL ANN SMITH                )
                                )
Debtors                         )


**ORDER GRANTING TRUSTEE'S MOTION**
**FOR TURNOVER OF ECONOMIC STIMULUS REBATE**
**and ALLOWING DEBTORS TEN (10) DAYS**
**TO AMEND EXEMPTIONS**

This matter came before the Court on June 12, 2008 upon the chapter 7

Trustee's motion for turnover of the Debtors' economic stimulus rebate (the "ESR") [1] .

For the reasons that follow, the Court finds that ESR is property of the bankruptcy

estate, subject to turnover to the trustee in its entirety, less allowable exemptions.

---

[1] This order is limited to discussion and decision with respect to the turnover of the Debtors' ESR. To the extent the Trustee's motion seeks turnover of assets other than the ESR, those issues are not addressed in this order.

1

### *Background*

The Debtors filed their chapter 7 case on February 21, 2008 (the "Petition Date"), eight days after the Economic Stimulus Act of 2008 (the "2008 Act") [2] became effective. As of the Petition Date, the Debtors became eligible to receive an ESR and did not claim as exempt any part of or their right to receive the ESR.

The Court instructed both the Debtors and the Trustee to file briefs on the issue of whether the ESR was property of the estate. Those briefs were filed on June 26 and 27, 2008. The Trustee filed a supplemental brief on July 8, 2008. Those briefs demonstrated a wide divergence of understanding as to the basic attributes of the 2008 Act. Thus, the Court sought the input of the Internal Revenue Service, and the IRS filed its brief as *amicus curiae* on August 6, 2008.

### *The Economic Stimulus Act of 2008*

President Bush signed into law the 2008 Act on February 13, 2008.  The 2008 Act amends Section 6428 of the Internal Revenue Code and provides that "advance refunds" in the form of "rebate" checks (ESR) are to be paid to "eligible individuals".  If a taxpayer's 2007 returns were filed prior to October 15, 2008, the amount of the rebate check is based, using information from the 2007 return, on the taxpayer's income, the deductions claimed, the taxpayer's marital status and the number and ages of the taxpayer's dependent children.  Because they filed their bankruptcy after the 2008 Act became law, the Debtors here were "eligible" as of the Petition Date to receive a rebate check for $1500.

---

[2] Economic Stimulus Act of 2008, Pub. L. No. 110-185, 122 Stat. 613.

2

***Attributes of the 2008 Act***

To determine whether the ESR is property of the estate, and, if so, to *what extent,* a discussion of how the ESR is to be treated under the 2008 Act is in order. The Debtors argue that 2008 Act contains nearly identical features as the Economic Growth and Tax Relief Reconciliation Act of 2001 (the "2001 Act") [3] under which rebate checks issued were either found not to be property of the estate [4] or were found to be property of the estate only to the extent the rebate resulted in a refund, which then was to be pro-rated from the debtor's petition date. [5]

The key disagreement between the parties with respect to the 2008 Act is whether it treats the ESR as a credit against 2008 tax liability or as a payment of 2007 tax. The Debtors argue that the ESR is treated as a credit against 2008 tax liability and as such, is not a tax refund for a pre-petition year and therefore is not included as property of the estate. The Debtors further argue that, if the ESR is property of the estate at all, it is limited to that portion that is attributable to pre petition 2008 income.

---

[3] Economic Growth and Tax Relief Reconciliation Act of 2001, Pub. L. 107-16, 115 Stat. 42 .

[4] See, *In re Rivera*, 2001 WL 1432286 (Bankr. D. Colo) where the court found that the 2001 ESR was a tax credit for the 2001 tax year, which had not yet been completed, and concluded that the 2001 rebate check was post-petition, rather than pre-petition, property. *Rivera* may be a case of the correct result for the wrong reason. The debtors in *Rivera* filed their chapter 7 case before the 2001 Act became effective. The parties did not raise, and the Court did not discuss, the issue of whether the debtors had a legal or equitable interest in the  2001 ESR as of their petition date so as to render the ESR property of the estate under 11 U.S.C. §541.

[5] See, *In re Lambert* ("*Lambert II*") 283 B.R. 16 (B.A.P. 9th Cir. 2002) which affirmed the bankruptcy court's decision that the debtors' interest in the 2001 ESR could not be determined until the debtors' 2001 tax liability was calculated. The debtors received a $600 ESR in 2001. The bankruptcy court held that, if the debtors' 2001 tax liability is equal to or less than $600, the ESR is a refund, and therefore the pro-rated pre petition portion of it (which the court calculated to be $84 ) was property of the estate. If, on the other hand, the debtors' 2001 tax liability exceeded $600, the ESR was a newly created benefit, the right to which did not arise until after the debtors' petition date and therefore none of it was property of the estate. *In re Lambert*, ("*Lambert I*"),  273 B.R. 887, 891 (Bankr. D. Or. 2001).

The Debtor views the 2008 credit as accruing throughout the 2008 tax year and therefore believes the ESR should be pro-rated.

The Trustee and the IRS contend that the 2008 Act requires no reconciliation between the ESR and 2008 taxes because 2008 Act treats the ESR here as *payment of 2007 tax* which operates as a windfall, and not as a 2008 credit accruing throughout the 2008 tax year. Thus, the *entire amount* of the ESR is a pre petition asset subject to turnover. They argue that wholesale analogies between the 2001 Act and the 2008 Act should be avoided because there are key differences between the two. [6] The IRS flatly contends the *Lambert* cases [7] – based on 2001 Act provisions similar to their 2008 Act counterparts – were incorrectly decided.

No entity is better suited to interpret the provisions of the 2008 Act (IRC §6428) than the agency charged with its enforcement, and thus, the Court relies heavily upon the IRS' *amicus* brief in arriving at its decision here. Even the IRS acknowledges that the 2008 Act treats the ESR as a credit against 2008 tax:

---

[6] In its brief, the IRS notes that the 2008 Act provides to an eligible individual a flat $600 "refundable" credit for 2008. "Refundable credits" include estimated tax payments and withholdings under the Internal Revenue Code. Thus, if the "withholding" analogy is applied, even the *2008* credit can be thought of as a withholding that occurred all at once, on the date of the enactment of the 2008 Act (February 13, 2008) and not gradually throughout the 2008 tax year. The 2001 Act provided a "nonrefundable" credit (something that only reduces tax but does not result in a payment, unlike a "refundable credit") for 2001 by lowering the 15% tax rate on the first $12,000 of taxable income to 10%. Because the 2001 nonrefundable credit was tied to a reduction in a tax rate applied to the entire year's income, proration of the 2001 credit between pre and post petition was more logical. See IRS brief, page 9. Of course, the IRS is of the opinion that the prospective year (2001 and 2008) credits provided by both the 2001 and 2008 Acts were reduced and eliminated by the amount of the credits and thereafter treated as payments of preceding year (2000 and 2007) tax. Since the taxpayers filed bankruptcy in the year after the year to which the credit applied, pro ration was and is not necessary. But the differences between the 2001 Act and the 2008 illustrate that the two are not identical and therefore it should not be assumed that cases interpreting the 2001 Act should equally apply to the 2008 Act.

[7] See footnote 5, *supra*.

### §6428.  2008 recovery rebate for individuals

**(a)      In general**.   In the case of an eligible individual, there shall be allowed as a credit against the tax imposed by Subtitle A for the first taxable year beginning in 2008 [8] an amount equal to the lesser of –
>          (1)      net income tax liability , or
>          (2)      $600 ($1,200 in the case of a joint return).

26 U.S.C. A. §6428(a).  (Footnote added).  However, according to the IRS, subsection

(f) *reduces* the amount of the 2008 tax credit by the amount of the credit or refund

allowed under subsection (g):

**(f)      Coordination with advance refunds of credit.**
>          (1)      In general.  The amount of credit which would (but for this paragraph) be allowable under this section shall be reduced (but not below zero) by the aggregate refunds and credits made or allowed to the taxpayer under subsection (g)....

Subsection (g), in turn, provides that the "advance refund amount" is the amount that is

allowed as the ESR, and the taxpayer shall be treated as having made a payment in an

amount equal to the "advance refund amount' for the *2007* tax year:

**(g)      Advance refunds and credits**.
>          **(1)      In general.**  Each individual who was an eligible individual for such individual's first taxable year beginning in 2007 [9] shall be treated as having made a payment against the tax imposed by chapter 1  for such first taxable year in an amount equal to the advance refund amount for such taxable year.
>
>          **(2)      Advance refund amount.**  For purposes of paragraph (1), the advance refund amount is the amount that would have been allowed as a credit under this section for such first taxable year if this section (other than subsection (f) and this subsection) had applied to such taxable year.

(Footnote added).  Thus, (and as the IRS concludes) the ESR *is* a credit towards

---

[8]Typically, January 1, 2008 to December 31, 2008 for most individuals.

[9] Typically, January 1, 2007 to December 31, 2007 for most individuals.

payment of 2008 tax, but such 2008 credit is reduced by the amount of the ESR if the taxpayer files a 2007 return that qualifies for the full ESR in 2008.  In such case, *the 2008 credit is eliminated* and instead the ESR is treated as payment against *2007* tax[10]. Thus, the 2008 Act creates the fiction, that the Debtors overpaid their 2007 taxes in the amount of the ESR, based on information contained within their 2007 tax return. Consequently, the ESR constitutes a tax refund for the Debtors' *2007 taxes.*  See, *In re Alguire*, – B.R. –, 2008 WL 2782653 at *2 (Bankr. W.D.N.Y.).  By treating the ESR as a 2007 refund, the Debtors' arguments that the ESR is not property of the estate (because it relates to a post petition tax year) or that it is property of the estate only to the extent of the pro rated pre petition portion (because the ESR credit accrues throughout 2008 and the Debtors here filed bankruptcy in 2008) fail.

"Property of the estate" is broadly defined and consists of "all legal or equitable interests of the debtor in property as of the commencement of the case".  11 U.S. C. §541(a)(1).  The Debtors here received an ESR in the amount of $1500.  Their ESR is a credit against their 2008 tax but the 2008 credit is reduced by the ESR because the Debtors qualified for the full amount of the ESR in 2008.  Thus the 2008 credit of $1500

---

[10] The IRS points out that the 2001 Act worked like the 2008 Act in that it also provided that the 2001 ESR was a credit for 2001 tax, which was also reduced in the amount equal to the 2001 ESR and then treated as a payment of 2000 tax.  However, the courts in *Lambert* I and II (see footnote 5, *supra*) ignored this fact and treated the 2001 ESR as a credit against 2001 tax which prompted the result that the 2001 ESR should be pro rated (because the debtors filed the bankruptcy in 2001) and only that portion attributable to pre petition 2001 income was property of the estate.  The IRS contends that the *Lambert* courts "completely ignored the language" of the applicable 2001 Act provision.  The IRS concluded that these applicable 2001 Act provisions "should have been viewed by the BAP as an unmistakable direction that the 2001 year credit, based on the 2001 year taxable income (up to $12,000) is "reduced" by the advance credit and, if the advance credit was $600, then the 2001 credit would be totally eliminated.  And, as of the date of enactment of the 2001 Act, the taxpayer's entitlement to the advance credit was fixed and nothing that happened after that could alter it– the taxpayer would get "treated" as having made a 2000-year payment...."  IRS brief, page 10.

was eliminated and the $1500 is treated as payment towards 2007 (pre petition) tax. The Debtors filed their bankruptcy here in 2008, after the enactment of the 2008 Act. The right to receive the ESR did not arise until February 13, 2008 when the 2008 Act became effective, but the Debtors filed after that date, so their right to receive the ESR was fixed as of their Petition Date.  As of their Petition Date, the Debtors held a legal interest in the ESR [11] and therefore it is property of the estate under §541; see, *In re Campillo*, – B.R. –, 2008 WL 2338316 at *1  (Bankr. D. Ariz.).  Accordingly, the Trustee's motion is GRANTED.

The Debtors shall be given 10 (ten) days to amend the exemptions claimed on Schedule C.  The nonexempt portion of the ESR or its cash equivalent shall be turned over to the Trustee within thirty (30) days of this Order.  Any objection to the Debtors' amended Schedule C  will be set for hearing as the Court's calendar permits.

**# # #**

Distribution:

Colby Leonard, Attorney for the Debtors
Thomas Krudy, Chapter 7 Trustee
Paul D. Gresk, Attorney for Thomas Krudy, Chapter 7 Trustee
Peter Sklarew, Attorney, Tax Division, Department of Justice
Diane Worland, Special U. S. Attorney, IRS Division
Nancy J. Gargula, United States Trustee

---

[11] As pointed out by the IRS in footnote 9, page 8 of its brief, the portion of the ESR attributable to the Debtors' "qualifying children" is not a payment made in trust for the Debtors' children, but rather "*is a right accorded by Congress to the parent(s) filing the tax return(s)*, because the expenses of raising the child are borne by the parent(s).  It is not a severable stimulus payment...".  (Italics added).  In typical refund cases where the petition date is in the year after the year to which the refund relates (2008 bankruptcy case, 2007 refund, as we have here), the entire refund is property of the estate.  The refund is not subject to any "child allowance" and the amount turned over to the trustee is not reduced by the number of the debtors' minor dependent children.